Elias Chavando
v.
Plasma Igniter LLC, American Plasma Energy Group, Association Equity Group,
James E. Smith, John Ferchill, Douglas Benns, et al.

# EXHIBIT 1 TO NOTICE OF REMOVAL

Exhibit 1
Page - 7

**SUMMONS**

**SUM-100**

**(CITACION JUDICIAL)**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Plasma Igniter, LLC, an Ohio Limited Liability
Company, American Plasma Energy Group, a Wyoming
Corporation (See attached for additional defendants)

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Elias Chavando

ORIGINAL FILED
Northwest District

FEB 28 2018

LOS ANGELES
SUPERIOR COURT

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER (Número del Caso): |
|---|---|
| *(El nombre y dirección de la corte es):* | **LC106935** |

Van Nuys Courthouse
6230 Sylmar Avenue
Van Nuys, California 91401

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

I. DONALD WEISSMAN, ESQ. 67980     Weissman Law Firm
5567 Reseda Boulevard, Suite 118     (818) 704-5151
Tarzana, CA 91356

| DATE: **FEB 28 2018** | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretaria)* Sherri R. Carter, Executive Officer/Clerk | *(Adjunto)* |
| | MICHAEL J. ESTORGA | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1



**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit 1
Page - 8

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Chavando v Plasma Igniter | |

## INSTRUCTIONS FOR USE

➢ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➢ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

Association Equity Group, a Wyoming Corporation,
James E. Smith, an individual,
John Ferchill, an individual,
Douglas Benns, an individual'
and DOES 1 through 100 inclusive.

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Exhibit 1
Page - 9

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>─I.Donald Weissman          SBN67980<br>WEISSMAN LAW FIRM<br>5567 Reseda Blvd., Suite 118<br>Tarzana, CA 91356<br>TELEPHONE NO.: 818-704-5151      FAX NO.: 818-705-2634<br>ATTORNEY FOR *(Name):* Plaintiff, Elias Chavando | FOR COURT USE ONLY<br><br>ORIGINAL FILED<br>Northwest District<br><br>FEB 28 2018<br><br>LOS ANGELES<br>SUPERIOR COURT |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 6230 Sylmar Ave.
MAILING ADDRESS: Same as Above
CITY AND ZIP CODE: Van Nuys, CA  91401
BRANCH NAME: Van Nuys East

CASE NAME:
Chavando v. Plasma Igniter, LLC, et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: LC106935 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☑ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse<br>condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve             in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence     f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):*
5. This case ☐ is  ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 2-22-2018
I. Donald Weissman
_____(TYPE OR PRINT NAME)_____          _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all**
  other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
                                                                                                    Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

Exhibit 1<br>Page - 10

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Exhibit 1
Page - 11

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
| --- |

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties resides.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
| --- | --- | --- | --- |
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br><br>1, 4, 11<br>1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

CEB Essential Forms
ceb.com

Exhibit 1
Page - 12

| SHORT TITLE: Chavando v Plasma Igniter | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case ☐ A6109  Labor Commissioner Appeals | 1, 2, 3 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) ☐ A6008  Contract/Warranty Breach-Seller Plaintiff (no fraud/negligence) ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5 2, 5 1, 2, 5 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff ☐ A6012  Other Promissory Note/Collections Case ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 5, 11 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☒ A6009  Contractual Fraud ☐ A6031  Tortious Interference ☐ A6027  Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 5 1, 2, 3, 5 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure ☐ A6032  Quiet Title ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 2, 6 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

CEB Essential Forms
ceb.com

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

Exhibit 1
Page - 13

SHORT TITLE:
Chavando v Plasma Igniter

| | A | B | C |
|---|---|---|---|
| | Civil Case Cover Sheet Category No. | Type of Action (Check only one) | Applicable Reasons - See Step 3 Above |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ/Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

CEB | Essential Forms
ceb.com

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

Exhibit 1
Page - 14

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Chavando v Plasma Igniter | |

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☐ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 14431 Ventura Blvd., #232 |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| Sherman Oaks | CA | 91423 | |

**Step 5: Certification of Assignment**: I certify that this case is properly filed in the NW District Van Nuys East District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 2-22-2018

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

CEB | Essential
ceb.com | Forms

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Exhibit 1
Page - 15

1  I. DONALD WEISSMAN (Bar No. 67980)
   dweissman@idwlaw.com
2  **WEISSMAN LAW FIRM**
   5567 Reseda Boulevard, Suite 118
3  Tarzana, California 91356
   Telephone:  (818) 704-5151
4  Facsimile:   (818) 705-2634

5  Attorneys for Plaintiff,
   **ELIAS CHAVANDO**

6

ORIGINAL FILED
Northwest District

FEB 28 2018

LOS ANGELES
SUPERIOR COURT

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8           **COUNTY OF LOS ANGELES, NORTH CENTRAL DISTRICT**

9

| | |
|---|---|
| 10  **ELIAS CHAVANDO** | **CASE NO.**  LC106935 |
| 11      Plaintiff, | **COMPLAINT FOR:** |
| 12  vs. | 1. **BREACH OF CONTRACT** |
| 13  **PLASMA IGNITER LLC**, an Ohio | 2. **CONVERSION** |
|     Limited Liability Company, **AMERICAN** | 3. **UNJUST ENRICHMENT** |
| 14  **PLASMA ENERGY GROUP**, a | 4. **BREACH OF THE DOCTRINE OF** |
|     Wyoming Corporation, **ASSOCIATION** |    **GOOD FAITH AND FAIR** |
| 15  **EQUITY GROUP**, a Wyoming |    **DEALING** |
|     Corporation, **JAMES E. SMITH**, an | 5. **CONSPIRACY** |
| 16  individual, **JOHN FERCHILL** an | 6. **DEFAMATION** |
|     individual, **DOUGLAS BENNS**, an | |
| 17  individual and **DOES 1 through** | |
|     **100 inclusive**, | |
| 18 | |
|        **Defendants,** | |
| 19 | |

20

21

22     PLAINTIFF alleges, as follows:

23                        **THE PARTIES**

24

25     1.     At all times herein relevant, PLAINTIFF, ELIAS CHAVANDO

26  ("CHAVANDO"), was an is an individual residing in Los Angeles County, California.

27

28     2.     PLAINTIFF is informed and believes, and based thereon alleges, that

1  Defendants, JAMES E. SMITH ("SMITH"), an individual residing in West Virginia and
2  JOHN FERCHILL ("FERCHILL"), an individual and DOUGLAS BENNS ("BENNS"),
3  are individuals residing in Ohio but doing business in the County of Los Angeles,
4  California. PLAINTIFF is further informed and believes that SMITH, FERCHILL and
5  BENNS are the officials and/or controlling shareholders of Defendant PLASMA
6  IGNITER, LLC and AMERICAN PLASMA ENERGY GROUP.

7

8      3.      PLAINTIFF is informed and believes, and based thereon alleges, that
9  Defendant PLASMA IGNITER LLC (PLASMA) is an Ohio limited liability company
10  with its principal place of business in Sherman Oaks, California. Plaintiff is further
11  informed and believes and thereon alleges, that at all times relevant, SMITH was the
12  president and CEO of PLASMA. Plaintiff is further informed and believes and thereon
13  alleges that at all times relevant, BENNS was an officer and director of PLASMA, and
14  authorized to act on behalf of and bind said entity.

15

16     4.      PLAINTIFF is informed and believes, and based thereon alleges, that
17  Defendant, AMERICAN PLASMA ENERGY GROUP (APEG) is a Wyoming corporation
18  with its principal place of business in Sherman Oaks, California.

19

20     5.      The true names and capacities of Defendants sued herein as DOES 1 through
21  100 are presently not known to PLAINTIFF, who therefore sues such Defendants by these
22  fictitious names. PLAINTIFF will seek to amend this COMPLAINT, to in include these
23  DOE Defendants' true names and capacities when they are ascertained. Each of the
24  fictitiously named Defendants is responsible in some manner for the conduct alleged
25  herein and for the injuries suffered by PLAINTIFF as a result.

26

27     6.      PLAINTIFF is informed and believes, and based thereon alleges, that there
28  exists, and at all times mentioned herein there existed, a unity of interest and ownership

---

2

COMPLAINT FOR DAMAGES

Exhibit 1
Page - 17

between and among Defendants SMITH, FERCHILL, BENNS, PLASMA, APEG and DOES 1 through 50 such that for purposes of this litigation, there is no individuality or legal separateness between these Defendants.  Instead, SMITH, FERCHILL, PLASMA, APEG and DOES 1 through 50 (collectively referred to in this Complaint as the Alter Ego Defendants are mere shells, instrumentalities, or conduits for their own improper purposes, including without limitation the purpose of depriving PLAINTIFF of the ability to relieve names earned from one or more of the Alter Ego Defendants owe to him.

7.     PLAINTIFF is further informed and believes, and based thereon alleges, that SMITH and/or FERCHILL and/or BENNS improperly converts the income and assets of the Alter Ego Defendants and commingles assets and obligations of each of these Defendants in contravention of the fiction they have created of their separate existence.

8.     Adherence to the fiction of their separate existence would permit an abuse of the corporate privilege and would sanction fraud and promote injustice.  The Alter Ego Defendants, and each of them, conspired together and engaged in improper and unlawful conduct, as described below.  All further references to the Defendants include the Alter Ego Defendants, inasmuch as they acted as one and the same in an effort to harm PLAINTIFF as alleged.

## **BACKGROUND FACTS**

9.     PLAINTIFF re-alleges and incorporates by this reference each and every allegation in Paragraphs 1 through 8 of this Complaint.

10.     In April 2016, Chavando was introduced to Doug Benns, who represented himself as an investment banking and "deal guy".  On or about May 4, 2016, Chavando met Benns in North Olmstead, Ohio. While the mutual purpose of this meeting was to

1  discuss Chavando's company "rentus.com" the meeting quickly turned as Benns
2  introduced the concept of "a revolutionary technology for spark plugs" for internal
3  combustion engines: a concept and technology called Plasma Igniters in which Benns
4  represented himself to be a majority shareholder, director and person in charge.

5

6      11.    After further discussion Chavando was offered a position to work for Plasma
7  Igniter LLC (PLASMA) as a consultant.  Benns, who represented he had authority to
8  speak for Plasma agreed to compensate Chavando with shares of Plasma to the equivalent
9  of $15,000 per month starting May 2016. The value of Plasma's shares was based on
10 valuation and sales of Plasma shares to investors. That was, at that time, equal to
11 approximately to $10,000 per share.  Chavando accepted the offer.

12

13     12.    Benns also agreed to help Chavando raise money for "rentus.com" in
14 exchange of a commission of up to 10% of the money raised by Benns' direct efforts and
15 through and only through Benns' direct investors.

16

17     13.    Chavando and Benns entered into contracts at that time with a hand-shake on
18 the agreement that were later memorialized in documents and email communications.
19

20     14.    In a meeting at Ferchill's office, in Cleveland Ohio on or about May 27,
21 2016, Smith confirmed Benns' offer to Chavando and gave Chavando a go ahead to find a
22 licensor or licensors for his technology in the US and abroad. During this meeting Smith
23 assured Chavando the spark plug technology worked; it was proven and was able to save
24 up to 50% on gas consumption in all internal combustion engines.  As of February 20,
25 2018, Smith's Plasma Igniter technology has not been installed in any vehicles or proven
26 to work in road tests or dyno/laboratory.

27

28     15.    In addition to the compensation plan offered by Benns on behalf of Plasma,

4

COMPLAINT FOR DAMAGES

Exhibit 1
Page - 19

and confirmed by Smith, the President and CEO of Plasma Igniter, Smith offered Chavando an additional 5% commission of all money and deals secured by Chavando in Mexico. Smith produced and gave to Chavando an Independent Contractor Agreement on June 30, 2016.

16.     Chavando secured an initial deal with Grupo ASX, a spark plug manufacturer in Mexico.  Grupo ASX was interested in licensing Plasma's technology and becoming the overall manufacturer of the plasma igniters. After reviewing the patents and publicly available information about the plasma igniters, Grupo ASX's CEO asked to see and review engineering and manufacturing plans for the igniters and components. Smith replied to the request that any licensor or manufacturer interested in his technology would have to develop the engineering and manufacturing processes at their own expense.

17.     In or about July 2016, Chavando secured an initial deal and interest from Mexico's "Secretaria de Medio Ambiente y Recursos Naturales" (equivalent to the US Environmental Protection Agency). The officials were interested in a proven product that would reduce the emissions from gasoline powered internal combustion engines and had an immediate need for 500,000 units to be installed in taxis and public transportation vehicles in Mexico City. Smith refused to demonstrate the technology in vehicles.

18.     PLAINTIFF is informed and believes and based theron alleges in April 2017, Benns and Ferchill, the majority shareholder of Plasma, formed a new corporation named American Plasma Energy Group (APEG). Chavando was named Managing Director/CEO of this newly formed corporation.  According to Ferchilll and Benns, the purpose of APEG was to acquire the exclusive license of Plasma for the US market.

19.     Chavando was offered a large number of shares (equity) in APEG, plus a retainer of at least $15,000 per month starting in July 2017 for his work as CEO of APEG.

1 This new position and compensation plan was in addition to the agreement Chavando had
2 with Plasma. Chavando continued to seek investors and license buyers for Plasma's
3 technology in other markets.

5     20.    Chavando signed corporate paperwork and Board Minutes for APEG as
6 Managing Director and Director.

8     21.    On or about April 20, 2017, APEG announced that it signed initial
9 documents for the acquisition of the exclusive license to manufacture and commercialize
10 spark plugs from Plasma. Following this announcement, APEG sought to raise $65
11 million to purchase the licenses from Plasma for $50 million and otherwise fund the start-
12 up costs for engineering and manufacturing.

14     22.    In or about July 2017, APEG filed a Form D Notice of Exemption with the
15 SEC. Benns told Chavando that because he (Benns) would not pass the SEC's background
16 check for purposes of the SEC's Rule 506(d) "bad actor" disqualification, Chavando
17 should sign the SEC background check form instead. Chavando at Benns urging did so.
18 Chavando later learned that Benns and his companies had been the subject of numerous
19 lawsuits and a number of liens and judgments

21     23.    Plaintiff is informed and believes and thereon alleges, APEG raised
22 approximately $2.5 million from investors by promising large returns on investment from
23 the Plasma technology licenses and represented that the technology would be
24 commercially launched by November 2017. However, Chavando's experience and
25 acquired knowledge of APEG and Plasma's business operations led him to believe and
26 understand these promises were grossly inflated and unrealistic. In fact, even though Benns
27 claimed to investors that the Plasma "spark plug" technology was in the early
28 manufacturing stage and would be commercially launched by the end of 2017, the

Exhibit 1
Page - 21

1   technology was nowhere close to being ready for commercial launch.  Indeed, Chavando

2   learned that even as of September 2017, only twelve Plasma spark plug prototypes had

3   been manufactured and eight of those plugs were defective.  No car or vehicle powered by

4   an internal combustion engine has ever been equipped or tested with the technology.

5

6        24.     In or about June 2017, a potential investor and broker, David LaChance was

7   introduced to APEG's management.  LaChance expressed interest in investing and to help

8   raise $65 million in funds for APEG.  LaChance informed Chavando that during his due-

9   diligence process, he had learned that, from at least April 2016 through the present, Benns

10  solicited investments in a separate, unincorporated entity, Association Equity Group

11  (AEG), whose only asset was Benns' 130 shares in Plasma.  Using similar presentations as

12  the ones used to solicit investments in APEG, Benns solicited investments in AEG from

13  mostly unaccredited investors, including members of his community and church, by

14  leading them to believe they were purchasing shares in Plasma and promising them large

15  returns on their investment in short periods of time.

16

17       25.     Plaintiff is informed and believes and thereon alleges, no private placement

18  memorandum was provided to potential investors in AEG and these investments were not

19  registered with the SEC.  Instead, Benns only provided investors with a letter stating that

20  AEG was the holder of ownership shares in Plasma and that each AEG share purchased by

21  the investor was equal to a share in Plasma.  Benns also provided investors with a

22  certificate evidencing the investor's ownership of shares in AEG.   Chavando became

23  aware of several individuals who bought shares in AEG from Benns.

24

25       26.     In soliciting investments in AEG at between $10,000 and $40,000 per share,

26  Benns promised potential investors that he would repurchase their investment at $50,000

27  per share in three months or less once distributions were received from Plasma and that,

28  further, the investors would also receive a portion of the licensing fees from Plasma.

1   Benns made a number of false representations about the Plasma technology and business

2   to potential investors in AEG, including that APEG and Plasma were finalizing major

3   licensing deals, such as a multi-million dollar deal with Tata Motors in India, and that

4   large distributions and licensing fees would be forthcoming in a week or two.

5

6   27.    Despite making these promises to investors, the promised buy-back and

7   licensing fee payouts did not materialize. Instead, when investors complained about not

8   receiving the payouts they were promised and demanded their money back, Benns bought

9   out their shares with money he solicited from new investors.

10

11   28.    In or about September 2017, at a meeting of APEG investors, in Washington,

12   D.C., Ferchill told the members of the APEG Advisory Board and other members of

13   management that APEG had already raised $32.5 million dollars and that money was

14   already "in the bank."

15

16   29.    Chavando confronted Ferchill about Benns' actions, in September 2017.

17   Ferchill informed Chavando that he knew what Benns was doing and that he believed

18   Benns' actions were appropriate.  Because Chavando believed these practices were

19   unethical, if not unlawful, for the technology was not ready to be marketed and no

20   $32.5million equity investment had been received, Chavando resigned from his position in

21   APEG.

22

23   30.    Chavando also learned that Benns had raised money and sold shares in AEG

24   starting in 2013.  However, this corporation was not formed until October 27, 2017.

25

26   31.    Chavando sent Ferchill a letter detailing his concerns about the improper

27   practices of which he became aware, including Benns' false claims to potential investors.

28   Regardless, Benns and APEG have continued to make false claims to investors about the

1 benefits of the Plasma "spark plug" technology, the speed to which it would get to market,

2 and its financing.

3

4     32.    Chavando was falsely and fraudulently induced to be involved in

5 corporations formed to defraud investors and making false and unproven claims of

6 technology that does not work. When Chavando demanded payment for his unreimbursed

7 expenses and retainers, Ferchill refused.

8

9             **FOR A FIRST CAUSE OF ACTION FOR**

10       **BREACH OF CONTRACT AGAINST DEFENDANTS,**

11       **AND EACH OF THEM, PLAINTIFF ALLEGES:**

12

13     33.    PLAINTIFF re-alleges and incorporates by this reference each and

14 every allegation in Paragraphs 1 through 32 of this Complaint.

15

16     34.    PLAINTIFF and Defendants entered into a series of oral agreements which

17 were later confirmed in writings to employee PLAINTIFF, as herein alleged.

18 (AGREEMENT")

19

20     35.    PLAINTIFF has performed all covenants, conditions and promises under the

21 agreements except for those excused by the actions of Defendants or by operation of law.

22 However, Defendants have consistently breached the agreements, as described herein and

23 hereinabove.

24

25     36.    While PLAINTIFF has continually relied upon the promises of Defendants

26 that they would live up to the terms of the agreements, Defendants have not and clearly

27 have no intention of doing so.

28

37. As a result of Defendants' numerous breaches of the agreements, PLAINTIFF has been damaged in an amount to be proven at trial, in a sum not less than $350,000.00.

## FOR A SECOND CAUSE OF ACTION FOR
## CONVERSION AGAINST DEFENDANTS AND EACH OF THEM,
## PLAINTIFF ALLEGES:

38. PLAINTIFF re-alleges and incorporates by this reference each and every allegation in Paragraphs 1 through 37 of this Complaint.

39. In engaging in the above-described fraudulent scheme to obtain funding Defendants misappropriated and converted the money raised by PLAINTIFF and the income of PLAINTIFF, for themselves. As a direct cause of this conversion, without protecting those assets, PLAINTIFF and has been damaged and his goodwill has been diminished.

40. As a result of Defendants actions, PLAINTIFF has been damaged in an amount to be proven at trial in the sum not less than $500,000.00.

41. In engaging in the above-described conduct, Defendants were guilty of fraud, oppression and/or malice, and acted with willful and conscious disregard of the rights of PLAINTIFF. By reason thereof, PLAINTIFF is entitled to recover punitive and exemplary damages against Defendants in the sum of $5,000.000.00; an amount appropriate to punish Defendants for their conduct and to deter similar future conduct.

//

## FOR A THIRD CAUSE OF ACTION FOR
## UNJUST ENRICHMENT AGAINTS DEFENDANTS, AND EACH OF THEM,
## PLAINTIFF ALLEGES:

42.     PLAINTIFF re-alleges and incorporates by this reference each and every allegation in Paragraphs 1 through 36 and 38 through 39 of this Complaint.

43.     Defendants' have been unjustly enriched by improperly converting the benefits of the PLAINTIFF's efforts under the employment agreement. Moreover, Defendants will be further unjustly enriched if they are able to use PLAINTIFF's name, efforts and stock that was to be issued to him. Given Defendants' misrepresentations and breaches of contract, DEFENDANTs are not entitled to any of the benefits gained through the agreements.

44.     As a result of DEFENDANTs failure to abide by any of their promises, PLAINTIFF has been damaged in an amount of $500,000.00, to be proven at trial.

## FOR A FOURTH CAUSE OF ACTION FOR
## BREACH OF GOOD FAITH AND FAIR DEALING
## AGAINST DEFENDANTS, AND EACH OF THEM,
## PLAINTIFF ALLEGES:

45.     PLAINTIFF re-alleges and incorporates by this reference each and every allegation in Paragraphs 1 through 44 of this Complaint.

46.     The agreements referred to above, contains the implied covenant of good faith and fair dealing under which Defendants had an implied duty to act fairly and in good faith as to said events and transactions.

47.     Defendants have breached the implied covenant by failing to honor the terms of the agreements, by failing to pay PLAINTIFF, by failing to issue stocks, by failing to reimburse PLAINTIFF's expenses and by actions, as alleged.

48.     As a direct and proximate result of Defendants' breach of said agreements, PLAINTIFF has been injured and damaged as herein alleged.

49.     Further, in engaging in the above-described conduct, Defendants were guilty of fraud, oppression and/or malice, and were acting with willful and conscious disregard of the rights of PLAINTIFF. By reason thereof, PLAINTIFF is entitled to recover punitive and exemplary damages against Defendants in an amount as alleged.

## FOR A FIFTH CAUSE OF ACTION AGAINST
## DEFENDANTS, AND EACH OF THEM FOR
## CONSPIRACY, PLAINTIFF ALLEGES:

50.     PLAINTIFF re-alleges and incorporates by this reference each and every allegation in Paragraphs 1 through 49 of this Complaint.

51.     Based on information and belief, PLAINTIFF alleges that Defendants, and each or them, entered into an agreement amongst themselves with the intent to conspire to commit a wrongful act, specifically, to deny PLAINTIFF the compensation under the agreements in which he was hired and to deny PLAINTIFF stock and salary.

52.     As the result of the wrongful acts committed by the Defendants, and each of them, in furtherance of the conspiracy, PLAINTIFF has been damaged in an amount as herein alleged.

Exhibit 1
Page - 27

53.     Based on information and belief, PLAINTIFF alleges that Cross-Defendants, and each of them, doing the acts herein alleged, acted with the intent of depriving PLAINTIFF of its legal rights, and of subjecting PLAINTIFF to cruel and unjust hardship in conscious disregard of PLAINTIFF's rights, as herein alleged, everything PLAINTIFF to punitive and exemplary damages, as herein alleged.

## FOR A SIXTH CAUSE OF ACTION FOR
## DEFAMATION
## AGAINST DEFENDANTS, APEG AND FERCHILL, PLAINTIFF ALLEGES:

54.     PLAINTIFF re-alleges and incorporates by this reference each and every allegation in Paragraphs 1 through 53 of this Complaint.

55.     Defendants within 180 days of the filing of this compliant, exchanged emails originally authorized by PLAINTIFF when addressing his concerns of business dealings, as hereto alleged.  In the emails exchanged between Defendants, each of them, they not only commented upon PLAINTIFF's concerns and allegations but exchanged comments that are defamatory and accuse PLAINTIFF of crimes and improper conduct; accusations Defendants know to be false which negligently caused severe emotional distress to PLAINTIFF through his actions as pleaded herein.

56.     As the proximate result of the acts alleged above, PLAINTIFF suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body to his general damage, as herein and hereinabove alleged.

57.     As a further proximate result of the acts alleged above, PLAINTIFF was required to and did employ physicians and surgeons to examine, treat, and care for PLAINTIFF, and incurred additional medical expenses for hospital bills (and other

1  incidental medical expenses). PLAINTIFF is informed and believes and thereon alleges
2  that PLAINTIFF will incur some additional medical expenses (the exact amount of which
3  is unknown).

5       58.     By reason of the acts alleged above, PLAINTIFF was prevented from
6  attending to PLAINTIFF's usual profession, and thereby lost earnings. PLAINTIFF is
7  informed and believes and thereon alleges, that PLAINTIFF will thereby be prevented
8  from attending to PLAINTIFF's usual profession for a period in the future which
9  PLAINTIFF cannot ascertain, and will thereby sustain further loss of earnings.

11      WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of
12      them for:

14      1.     General and Special Damages in an amount as alleged and to be proven at
15             trial;

17      2.     Loss of Earnings in an amount as alleged and to be proven at trial;

19      3.     Medical Expenses in an amount to be proven at trial;

20
21      4.     Punitive Damages and exemplary damages as alleged and according to
       proof;

23      5.     Prejudgment interest at the maximum rate allowed by law;

25      6.     Attorneys' fees;

27      7.     Costs of Suit incurred herein, and

8.     Such other and further relief as the court deems just and proper.

DATED:  February 21, 2018

WEISSMAN LAW FIRM

By:

I. DONALD WEISSMAN
Attorneys for PLAINTIFF
**ELIAS CHAVANDO**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):
FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11
For Optional Use

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 1 of 2

Exhibit 1
Page - 31

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                    (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          >          _____
      (TYPE OR PRINT NAME)                                  (ATTORNEY FOR PLAINTIFF)
Date:

_____          >          _____
      (TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)
Date:

_____          >          _____
      (TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)
Date:

_____          >          _____
      (TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)
Date:

_____          >          _____
      (TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)
Date:

_____          >          _____
      (TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)
Date:

_____          >          _____
      (TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                           FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐  Request for Informal Discovery Conference
   - ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

Exhibit 1
Page - 33

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:           FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3
Page - 35

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

Exhibit 1
Page - 36

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California**
**County of Los Angeles**



**Los Angeles County**
**Bar Association**
**Litigation Section**

**Los Angeles County**
**Bar Association Labor and**
**Employment Law Section**



**Consumer Attorneys**
**Association of Los Angeles**



**Southern California**
**Defense Counsel**



**Association of**
**Business Trial Lawyers**



**California Employment**
**Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association**
**Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| PLAINTIFF(S) / PETITIONER(S)<br><br><br>DEFENDANT(S) / RESPONDENT(S) | **CASE NUMBER**<br>**LC106935**<br><br>**NOTICE OF:**<br>**TRIAL SETTING /**<br>**CASE MANAGEMENT /**<br>**CONFERENCE /**<br>**OSC RE: DISMISSAL** | **FILE STAMP** FILED<br>Northwest District<br><br>FEB 2 8 2018<br><br>LOS ANGELES<br>SUPERIOR COURT |
| --- | --- | --- |

TO THE PLAINTIFF(S) AND THE ATTORNEY OF RECORD:

YOU ARE HERBY NOTIFIED THAT THE ABOVE MATTER HAS BEEN ASSIGNED FOR ALL PURPOSES, INCLUDING TRIAL TO *JUDGE JOHN J. KRALIK* PRESIDING IN DEPARTMENT *"T"* OF THE NORTHWEST DISTRICT ON ___7/25/18___ AT 8:30A.M. IN THE SUPERIOR COURT, LOCATED AT **6230 SYLMAR AVENUE, VAN NUYS , CA 91401.**

You are Ordered to serve this notice of hearing to all parties/attorneys of record forthwith and serve a copy of this notice to all parties to the action within 60 days of service of this notice. The Court orders that except as otherwise ordered in writing, all attorneys (or unrepresented parties as applicable) appear at all scheduled hearings. All parties/attorneys of record are ordered to meet and confer about matters to be discussed no later than 30 days before the Case Management Conference (which shall take place approximately 140 days from filling of the complaint). The complaint must be served on all named defendants and proof of service must be filed with the Court within 60 days after the filing of the complaint. If all named defendants have not been served and proofs filed before 60 days have elapsed, application must have been made with Court to extend or otherwise modify Rule CRC 3.110 (b),(c) and (e).

*YOU ARE ORDERED:*

1). **To give notice of this hearing and serve a copy of this notice to all parties to the action within 60 days of service of this notice.**

2). **To bring to the hearing the original Proof of Service of said notice to all of the other parties served by you.**

**ALL PARTIES ARE ORDRED to have trial counsel, or an attorney thoroughly familiar with the case and trial counsel's calendar, appear at the hearing.**

_____
**JOHN KRALIK**
Judge of the Superior Court

## CERTIFICATE OF SERVICE

( ) I am not a party to the within action, and I certify that I personally served a true copy of the above notice to the plaintiff delivering the copy to the designated representative/attorney service at the time of the original complaint.

( ) I am not a party to the within action, and I certify that I personally served a true copy of the above notice to the plaintiff or his attorney of record by delivering the copy in person this date to counsel for plaintiff or plaintiff in pro per.

**A CORPORATION MUST BE**
**REPRESENTED BY A LICENSED**
**CALIFORNIA ATTORNEY**

Sherri R. Carter Executive Officer/Clerk

BY: _____, Deputy

**MICHAEL J. ESTORGA**

Exhibit 1
Page - 38

1   I. DONALD WEISSMAN (Bar No. 67980)
    *dweissman@idwlaw.com*
2   **WEISSMAN LAW FIRM**
    5567 Reseda Boulevard, Suite 118
3   Tarzana, California 91356
    Telephone:    (818) 704-5151
4   Facsimile:    (818) 705-2634

5   Attorneys for Plaintiff,
    **ELIAS CHAVANDO**
6

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8          **COUNTY OF LOS ANGELES, NORTH CENTRAL DISTRICT**

9

10  **ELIAS CHAVANDO**                        **CASE NO.  LC106935**

11          **Plaintiff,**

12          **vs.**
                                             **NOTICE OF TRIAL SETTING**
13  **PLASMA IGNITER LLC, an Ohio**          **CONFERENCE, CASE**
    **Limited Liability Company, AMERICAN**  **MANAGEMENT CONFERENCE AND**
14  **PLASMA ENERGY GROUP, a**               **OSC RE DISMISSAL**
    **Wyoming Corporation, ASSOCIATION**
15  **EQUITY GROUP, a Wyoming**
    **Corporation, JAMES E. SMITH, an**
16  **individual, JOHN FERCHILL an**
    **individual, DOUGLAS BENNS, an**
17  **individual and DOES 1 through**
    **100 inclusive,**
18
            **Defendants,**
19

20

21  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22

23          PLEASE BE ADVISED the above referenced matter has been assigned to Judge

24  John J. Kralik, Superior Court of California, Northwest Division, 6230 Sylmar Avenue,

25
    Van Nuys, CA  91401, Department "T". The court calendar for this matter is as follows:
26

27      1.  The Trial Setting Conference, Case Management Conference and OSC Re
            Dismissal has been set for July 25, 2018 at 8:30 a.m. in Department "T".
28

─────────────────────────────────────────────────────

1    2.  Plaintiff's counsel to give notice.

2

3    DATED: March 1. 2018                        **WEISSMAN LAW FIRM**

4

5                                    By: _____

6                                         I.DONALD WEISSMAN
                                          Attorney for Defendant,
                                          **ELIAS CHAVANDO**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28