UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ELIAS CHAVANDO | : | CASE NO. 1:18-cv-01413 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | |
| v. | : | |
| | : | |
| PLASMA IGNITER LLC, an Ohio | : | |
| Limited Liability Company, | : | |
| AMERICA PLASMA ENERGY | : | |
| GROUP, a Wyoming | : | |
| Corporation, ASSOCIATION | | |
| EQUITY GROUP, a Wyoming | | |
| Corporation, JAMES E. SMITH, | | |
| an individual, JOHN FERCHILL, | | |
| an individual, DOUGLAS | | |
| BENNS, an individual and DOES | | |
| 1 through 100 inclusive, | | |
| | | |
| Defendants. | | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

For reasons detailed below, the Court finds that Plaintiff Elias Chavando has improperly served Defendants Plasma Igniter LLC and James E. Smith and **ORDERS** Plaintiff to properly serve Defendants within 7 days of this Order.

## I.    BACKGROUND

On May 19, 2022, Plaintiff Elias Chavando moved to enforce a Settlement Agreement between himself and Defendants Plasma Igniter LLC and James E. Smith.[1] Plaintiff initially attempted to serve Defendants with the enforcement motion through their former counsel of record. But on June 15, 2022, former counsel filed a response informing

---

[1] Doc. 58.

Case No. 1:21-cv-2139
GWIN, J.

the court that they had not recently communicated with Defendants and had no knowledge of how to contact them.[2] That same day, the Court ordered Plaintiff to serve Defendants directly.[3]

Plaintiff has since filed two status reports detailing efforts to serve Defendants.[4] His first effort failed because the address he identified for Defendants did not work and the mail returned to sender.[5] Plaintiff next identified an out-of-state address in West Virginia that he believes is Defendants' current address. He submitted a status report explaining that, at his behest, a nonparty individual over the age of 18 had placed his motion in a sealed envelope and mailed the motion via prepaid United States Postal Service to Defendants' address in West Virginia.[6] The Court finds that Plaintiff's second attempt to serve Defendants directly is insufficient.

## II.    ANALYSIS

Once a plaintiff has commenced an action in the federal courts, the burden is upon the plaintiff to obtain service of process upon each defendant. Fed. R. Civ. P. 4(e)(1) authorizes a plaintiff to serve a defendant "pursuant to the law of the state in which the district court is located"—in this case, the law of Ohio. Ohio rules for serving process on out-of-state defendants permit service either through personal service or by requesting that the Clerk initiate mail service.[7]

---

[2] Doc. 60.
[3] Docket, June 17, 2022, Non-Document Order.
[4] Doc. 61, 62.
[5] Doc. 62. Furthermore, even if the address had been correct, Plaintiff's service would have been insufficient for the same reasons that his current effort fails.
[6] Doc. 62.
[7] Ohio Civ. R. 4.3(B).

Case No. 1:21-cv-2139
GWIN, J.

Any nonparty not less than 18 years of age may effect personal service.[8] But a plaintiff who wishes to serve a defendant via mail can do so only through the Clerk's Office.[9] Plaintiff's latest attempt at serving Defendants improperly combines these two alternative methods.

Because Plaintiff has repeatedly failed to follow the appropriate methods of service and service upon the Defendants has not yet been completed, the Court hereby **ORDERS** Plaintiff to serve Defendants Plasma Igniter LLC and James E. Smith within the next 14 days.

IT IS SO ORDERED.

Dated: September 9, 2022                                       _s/      James S. Gwin_
                                                              JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE

---

[8] Ohio Civ. R. 4.3(B)(2).
[9] Ohio Civ. R. 4.3(B)(1), 4.1(A)(1).