UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ELIAS CHAVANDO | CASE NO. 1:18-cv-01413 |
| Plaintiff, | OPINION & ORDER |
| v. | |
| PLASMA IGNITER LLC, an Ohio Limited Liability Company, AMERICA PLASMA ENERGY GROUP, a Wyoming Corporation, ASSOCIATION EQUITY GROUP, a Wyoming Corporation, JAMES E. SMITH, an individual, JOHN FERCHILL, an individual, DOUGLAS BENNS, an individual and DOES 1 through 100 inclusive, | |
| Defendants. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Elias Chavando has filed a motion to enforce a 2019 settlement agreement against Defendants James E. Smith and Plasma Igniter LLC.

On November 16, 2022, Plaintiff filed a status report stating that Plaintiff believed he had properly served Defendants and requesting that the Court schedule a hearing date for Plaintiff's motion to enforce the settlement.

For reasons detailed below, the Court finds that Plaintiff Elias Chavando has improperly served Defendants Plasma Igniter LLC and James E. Smith and **ORDERS** Plaintiff to properly serve Defendants within 60 days of this Order.

    I.    BACKGROUND

Case No. 1:21-cv-2139
GWIN, J.

On May 19, 2022, Plaintiff Elias Chavando moved to enforce a Settlement Agreement between himself and Defendants Plasma Igniter LLC and James E. Smith.[1] Plaintiff then began a months-long effort to find addresses at which to serve Defendants. Several unsuccessful attempts resulted in Plaintiff's summons and complaint being returned to sender.[2]

On September 9, 2022, the Court found that even if Plaintiff managed to find the proper addresses, Plaintiff's mode of serving documents did not comply with the service of process rules contained in Fed. R. Civ. P. 4. The Court granted Plaintiff an added 14 days to serve Defendants and ordered Plaintiff to serve Defendants in compliance with the federal rules of civil procedure.[3]

On September 14, 2022, Plaintiff filed another status report detailing further efforts to identify addresses at which to serve Defendants.[4] Then, on November 16, 2022, Plaintiff filed a fourth status report explaining that he had found a working address for Defendant Smith—as evidenced by a call from Smith's attorney—and that he believed he had also found a working address for Defendant Plasma Igniter LLC. Plaintiff asked that the Court set a hearing date for Plaintiff's settlement motion.[5]

For reasons detailed below, the Court **DENIES** Plaintiff's request for a hearing date and **ORDERS** Plaintiff to serve Defendants properly within 60 days of this Order.

II.     ANALYSIS

   A.  Waiver of Service

---

[1] Doc. 58.
[2] Doc. 60, 61, 62, 63.
[3] Doc. 63.
[4] Doc. 64.
[5] Doc. 65.

- 2 -

Case No. 1:21-cv-2139
GWIN, J.

As the Court already explained in its earlier Order, once a plaintiff has commenced an action in the federal courts, the burden is upon the plaintiff to obtain service of process upon each defendant.

In the Northern District of Ohio, plaintiffs are encouraged to seek Waiver of Service from defendants under Fed. R. Civ. P. 4(d) before resorting to traditional methods of service.[6] Now that Plaintiff has found likely Defendants Smith and Plasma Igniter addresses, the Court encourages Plaintiff to seek waiver of service from them.

Under Rule 4(d), a plaintiff "may notify […] a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:

(A) be in writing and be addressed:

(i) to the individual defendant; or

(ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;

(B) name the court where the complaint was filed;

(C) be accompanied by a copy of the complaint, 2 copies of the waiver form […], and a prepaid means for returning the form;

(D) inform the defendant, using the [waiver form][7], of the consequences of waiving and not waiving service;

(E) state the date when the request is sent;

---

[6] Local Rule 4.2.
[7] A copy of the necessary waiver form is appended to Rule 4.

Case No. 1:21-cv-2139
GWIN, J.

> (F) give the defendant a reasonable time of at least 30 days after the request was sent [...] to return the waiver; and
>
> (G) be sent by first-class mail or other reliable means."

### B. Service of Process

If Plaintiff does not obtain Defendants' waiver of service, Plaintiff may then proceed to formally serving Defendants.[8] Fed. R. Civ. P. 4(e) authorizes a plaintiff to serve a defendant in any of four ways. A plaintiff may serve a defendant by (1) delivering copies of the summons and complaint to the defendant personally; (2) leaving copies at the defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides there; (3) delivering copies to an agent authorized to receive service of process; or (4) by any method for service of process authorized under the law of the state in which the federal district court is located—in this case the law of Ohio.

Only this last method allows service by certified mail. But Plaintiff's earlier mail service attempts do not conform to Ohio's state civil procedure rules.

Ohio rules <u>only permit service by mail when a plaintiff requests that the Clerk's Office send certified mail copies of the summons and complaint to a defendant. Plaintiffs may not use third-parties who are not affiliated with the Clerk's Office to send the required documents by certified mail.</u>[9]

Under Northern District of Ohio Local Rule 4.2, service by mail must comply with the following procedure:

---

[8] Note that unless Defendants show good cause for refusing to waive service, the Court will impose on Defendants the costs of effecting service if they refuse to waive. Fed. R. Civ. P. 4(d)(2). It is therefore in Plaintiff's interests to seek waiver.
[9] Ohio Civ. R. 4.3(B).

- 4 -

Case No. 1:21-cv-2139
GWIN, J.

(a) Plaintiff's attorney shall address the envelope to the person to be served, shall enter as the return address the address of the issuing location for The Office of the Clerk, and shall place a copy of the summons and complaint or other document to be served in the envelope. Plaintiff's attorney shall also affix to the back of the envelope the domestic return receipt card, PS Form 3811, July 1983, (the "green card") showing the Name of Sender as "Clerk, United States District Court, Northern District of Ohio" at the appropriate address with the certified mail number affixed to the front of the envelope. The instructions to the delivering postal employee shall require the employee to show to whom delivered, date of delivery, and address where delivered. **Plaintiff's attorney shall affix adequate postage to the envelope and deliver it to the Clerk who shall cause it to be mailed.** The envelope should be unsealed when it is delivered to the Clerk so that the Clerk can verify the contents prior to mailing.

(b) The Clerk shall enter the fact of mailing on the appearance docket and make a similar entry when the return receipt is received. If the envelope is returned with an endorsement showing failure of delivery, the Clerk should forthwith electronically file a Return of Service Unexecuted which shall serve as notice to the attorney of record or if there is no attorney of record, the party at whose instance process was issued (who shall be copied by regular mail), that service was not obtained.

(c) If service of process is refused or was unclaimed, the Clerk shall forthwith electronically file a Return of Service Unexecuted which shall serve

- 5 -

Case No. 1:21-cv-2139
GWIN, J.

as notice to the attorney of record or if there is no attorney of record, the party at whose instance process was issued (who shall be copied by regular mail), that service was not obtained. If the attorney, or serving party, after notification by the Clerk, files with the Clerk a written request for ordinary mail service, and submits to the Clerk an envelope containing the summons and complaint or other document to be served, with adequate postage affixed to the envelope, the Clerk shall send the envelope to the defendant at the address set forth in the caption of the complaint, or at the address set forth in written instructions to the Clerk. The attorney or party at whose instance the mailing is sent shall also prepare for the Clerk's use a certificate of mailing which shall be signed by the Clerk or a Deputy Clerk and filed at the time of mailing. The attorney or party at whose instance the mailing is sent shall also endorse the answer day (28 days after the date of mailing shown on the certificate of mailing) on the summons sent by ordinary mail.[10]

The exhibits that Plaintiff gave with his status reports show that Plaintiff did not follow the above procedure. Because Plaintiff has repeatedly failed to follow the appropriate methods of service and service upon the Defendants has not yet been completed, the Court hereby **ORDERS** Plaintiff to serve Defendants Plasma Igniter LLC and James E. Smith within the next 60 days.

IT IS SO ORDERED.

Dated: November 23, 2022                    *s/    James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[10] Local Rule 4.2 (emphasis added).

- 6 -